## THOMAS GORDON *vs.* GEORGE H. CLAPP.

A. mortgaged personal property to B. with a power to sell it if attached. It being attached, A., who was then insolvent and wished to keep it within his control, offered B. $500 to sell it under the power; B. thereupon assigned the mortgage to C., who sold the property at auction and purchased it himself and at the request of A. conveyed it to A.'s friend D., he giving his note to B. for the $500 promised, and paying the mortgage debt. At the trial of an issue as to the validity of the note, between the maker and an indorsee to whom it had been assigned by the payee when overdue, *Held*, that the question for the jury was, Was the sale a fair exercise of B.'s legal right, or was it to hinder the rights of creditors?

TORT to recover damages for the defendant's withholding from the plaintiff the possession of certain personal property to which the defendant claimed title as assignee of a mortgage given by the plaintiff to one Bryant.

Upon the trial in this court, before *Wells,* J., it appeared that June 4, 1870, one Arens and one Morse hired of Bryant $4000, and gave their promissory note therefor for $4550, payable in one year; that the $550 was for interest on the loan; that they at the same time executed to Bryant a mortgage of personal property with a power of sale in case of breach of condition; that one of the conditions of the mortgage was that the mortgagee might take possession and sell the property if it should be attached; that other mortgages upon the same property were afterwards made, especially one for $3000 to one Proctor; that in April, 1871, having become embarrassed in their business, the property having been attached at the suit of creditors, and a petition having been filed against them to put them into bankruptcy, Arens and Morse, in order to continue their control of the property, arranged with Bryant, he being at this time their counsel, to advertise and sell the property under the power in the mortgage; that they agreed to pay him $500 for so doing; that Bryant thereupon assigned the mortgage to one Richardson upon the consideration nominally of $4550; that the property was advertised and sold by Bryant in Richardson's name for $4550, and bid off by Richardson; that no money was paid by or to any one, Bryant remaining the real owner; that Bryant afterwards, June 28, 1871, at the request of Arens and Morse, transferred the property to the plaintiff, their friend, upon his paying Bryant the amount due on the mortgage; that the plaintiff gave Bryant, for the $500 promised by Arens and Morse, his promissory note payable in three months from June 28, 1871, secured by another mortgage on the property; that this mortgage from the plaintiff to Bryant included, besides the $500 note, three notes of $1000 each, payable to the order of the plaintiff, and indorsed by him in blank, which were delivered to Bryant for the use of one Proctor, in place of notes and a mortgage from Arens and Morse, which he previously held upon the property; that Proctor declined to receive these notes, and had proved his claim in bankruptcy against the estate of Arens and Morse; that these notes were delivered to the defendant with the mortgage; that the plaintiff had also made a prior mortgage to the South Scituate

Savings Bank for $3000, to secure that amount borrowed to pay off Bryant, for which he gave his own note payable in one year from June 28, 1871, with interest semi-annually. This note and mortgage had been assigned to the defendant before December 21, 1871. Both these mortgages contained clauses against taking possession until breach, and there had been no breach prior to December 21, 1871, except by non-payment of the note for $500 to Bryant.

The plaintiff contended that payments had been made to Bryant during the month of July, 1871, on account of the $500 note and mortgage. This was denied by the defendant. In the early part of December, 1871, and when the $500 note was overdue, Bryant assigned it and the mortgage to the defendant, who thereupon took possession of the mortgaged property. The plaintiff afterwards, December 21, 1871, tendered to the defendant $233, as the balance due upon this note and mortgage, but the defendant declined to receive it, and has ever since kept possession of the property.

The plaintiff asked the court to instruct the jury, that if they found that the note was given for the transaction above described between Arens and Morse and Bryant, it was void, and that the action might be maintained, even if the plaintiff's payments and tender did not amount to the full sum of $500. But the court declined to instruct the jury as requested, but instructed them that that transaction was a good consideration for the note and mortgage.

The defendant contended that even if the tender was sufficient to discharge the $500 note, the other claims were such as to defeat the action; especially as, before the action was brought, there had been a breach of the prior mortgage by non-payment of the semi-annual interest.

The jury returned a verdict for the defendant, and the case was reported for the determination of the full court.

If the rulings and instructions in regard to the note of $500 were wrong, the verdict was to be set aside and a new trial granted, unless the court were of opinion that, upon the facts set

forth, the plaintiff could not maintain his action, in which case judgment was to be entered for the defendant upon the report.

*A. F. L. Norris*, for the plaintiff.

*W. Howland*, for the defendant.

DEVENS, J.   The present action is one of tort to recover damages for withholding certain personal property by the defendant, who had taken possession of it as assignee of a mortgage made by the plaintiff to one Bryant, which mortgage was of the date of June 28, 1871, and was to secure a certain note of $500 payable in three months thereafter, and was transferred to the defendant after the note was due.   At the trial, the plaintiff attempted to prove a tender of the amount due; but, failing therein, requested the court to instruct the jury, that, as the note was given for a certain transaction between Arens and Morse on the one part, and Bryant on the other, it was void, and the action might be maintained.   This instruction the court declined to give, and ruled that the transaction referred to was a good consideration for the note and mortgage.   Both the instruction requested and that given proceed, and, as we think, correctly, upon the theory that the plaintiff was so connected with that transaction that the validity of the note must be decided by determining whether or not the transaction would afford a good consideration for the note and mortgage.   It appeared that Bryant had held an earlier mortgage on this personal property, then belonging to Arens and Morse, which was given for full consideration, and was to secure the sum of $4550.   One of the conditions of this mortgage was that he might take immediate possession and sell, if there should be any attachment of the property by their creditors.   It was attached, and proceedings in bankruptcy were commenced against Arens and Morse, who, being desirous of continuing their control over the property, promised Bryant $500 if he would sell it under the power in this mortgage.   It does not appear that there was any express agreement that Arens and Morse should continue in possession if this sale was made; but the fair inference, undoubtedly, from the facts is that if Bryant should so sell, there was an understanding that they should be permitted so to remain and control the subsequent disposition

of the property, subject to the claims of Bryant thereon. In pursuance of this arrangement, the mortgage was transferred to one Richardson for a nominal consideration, and the property was by him advertised and sold, being bid off by him for the sum of $4550, the amount of the mortgage. It appeared that Bryant was acting in fact through Richardson and in his name in this transaction. Subsequently Bryant, by a bill of sale in the name of Richardson, transferred to Gordon, the plaintiff in this action and the friend of Arens and Morse, the property, at their request, upon his paying to Bryant the amount due on the mortgage; and Gordon, in addition, gave to Bryant the promissory note and mortgage on the same property, which are the subjects of controversy in the present action, for the $500 promised by Arens and Morse to Bryant. This note is claimed by the plaintiff to be void, as given for a fraudulent transaction.

It seems to us, on examining these facts, which are found by the report, that neither the instruction asked nor that actually given was correct. It is not possible to say upon the facts, as matter of law, that the transaction in question was or was not a good consideration for the note and mortgage, but it presents a question of fact, to be determined by a jury under proper instructions, as to whether or not the contract entered into between Arens and Morse and Bryant was in fraud of the just rights of creditors, and intended to deprive them of property to which they were entitled to look for aid in the payment of their claims. If Bryant had the strict legal right to take immediate possession of the mortgaged property upon its being attached, and to sell it according to the conditions of his mortgage, for the payment of what was due to him, he had no right so to conduct such sale as intentionally thereby to deprive the other creditors of their right to the surplus, and to so manage it that this surplus would enure to the benefit of Arens and Morse and not of their creditors. A contract by which he was to receive $500 for so doing would be one that could not be enforced. There was evidence that, in order to continue the control of the debtors over their property, this arrangement to make a sale of the property was made with Bryant, who was their counsel; and further, that they were to pay

him $500 for making the sale; that the sale was made by another party, to whom there was a nominal transfer and in whose name Bryant acted, who nominally bought the property; and further, that after the sale was made, the debtors still continued their control over it, it being transferred by Bryant, at their request, to their friend, who paid the amount of the original mortgage, and gave his note for the $500 promised. This evidence, taken together, is sufficient to be submitted to the jury upon the question whether the transaction was simply the fair exercise of a legal right to collect an honest debt according to the terms of the instrument by which it was secured, or whether it was a transaction intended to delay creditors and to prevent the property of the debtor coming to their use. If it were the latter, a note given to one for his participation therein could not be collected. The case of *Dyer* v. *Homer*, 22 Pick. 253, relied on by the defendant, is not in point. There a note was given for goods which were sold to the defendant in order to prevent their being attached by creditors, the defendant knowing the intended fraud; in a suit thereon, it was held that, as the sale was valid between the parties, and as the property passed thereby, the note thus given could not be avoided. Here (assuming for the moment the theory of the plaintiff as to the character of the transaction) the note was given to Bryant for services rendered in carrying out a fraudulent transaction. Although at the time of receiving it he transfers the property, he does not receive the note as consideration therefor, but as payment for the services thus rendered. Its validity must depend upon the character of the services. If they were of the character claimed by the plaintiff, a note given in payment for them may be avoided even by one who was a party to the fraud. *Fuller* v. *Dame*, 18 Pick. 472. *Rice* v. *Wood*, ante, 133.

The two other mortgages assigned to the defendant contained a clause against taking possession until breach, and on December 21, 1871, there had been no breach of either. Even if there has been a subsequent default in the payment of interest, it will not prevent the plaintiff from maintaining this action, should he show that the note of $500 was given for a fraudulent transaction This action is not in the nature of trover for the goods, but of

trespass on the case for the taking and withholding them on December 21, 1871, and the plaintiff, if he shall maintain it, may recover such damages as were occasioned by the taking and withholding of possession of the property under the mortgage of $500.

*New trial ordered.*